# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| MOSES LAMAR SCOTT<br>    ID #686532,<br>        Plaintiff,<br>vs.<br><br>BOARD OF PARDONS AND PAROLES,<br>et. al,<br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:11-CV-0410-G-BH<br><br><br>Referred to U.S. Magistrate Judge |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Based on the relevant filings and applicable law, Plaintiff's claims against Defendants Ayozie and Elterman complaint should be **DISMISSED**.

## I. BACKGROUND

Plaintiff brings this action under 42 U.S.C. § 1983 against the Board of Pardons and Paroles, parole officer L. Ayozie, and police officer L. Elterman. He claims that the defendants violated his constitutional rights by implementing certain conditions of release and the duty to register as a sex offender even though Plaintiff has never been convicted of a sex offense, resulting in the denial of jobs, housing and Plaintiff's liberty. (Compl. at 3-4). He seeks monetary damages from the officers and injunctive relief against the Board of Pardons and Paroles.

## II. PRELIMINARY SCREENING

Plaintiff is an inmate in the Texas prison system who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b)

provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A claim fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

### III. SECTION 1983

Plaintiff sues the defendants under 42 U.S.C. § 1983. Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States; and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

#### A. <u>Claim against Parole Officer</u>

Plaintiff sues his parole officer in both his official and individual capacities, asserting that the officer was personally involved with implementing the requirement that Plaintiff register as a sex offender. (Comp. at 3-4, 6). Plaintiff seeks only monetary relief against the officer.

2

An official-capacity claim is merely another way of pleading an action against the entity of which the individual defendant is an agent. *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985). An officer who is sued in his official capacity for monetary damages is immune under the Eleventh Amendment. *See Neinast v. Texas*, 217 F.3d 275, 280 (5th Cir. 2000).

As for the individual capacity claim, "[p]arole officers are entitled to absolute immunity from liability for their conduct in parole decisions and in the exercise of their decision-making powers." *Littles v. Bd. of Pardons & Paroles Div.*, 68 F.3d 122, 123 (5th Cir. 1995) (per curiam). They also enjoy absolute immunity for actions taken when personally participating in the revocation hearing. *McGrew v. Tex. Bd. of Pardons & Paroles*, 47 F.3d 158, 161 (5th Cir. 1995) (per curiam); *see also Woods v. Chapman*, 239 F. App'x 35, 37 (5th Cir. 2007) (per curiam) (parole officials were absolutely immune from suit for damages arising from proceedings to revoke or change conditions of parole). Because the parole officer is immune from suit for implementing the requirements that appear to have resulted in the revocation of Plaintiff's parole, Plaintiff has failed to state a claim against him upon which relief may be granted.

## B. Claim Against Police Officer

Plaintiff also sues a police officer in both his personal and official capacities. He alleges that this officer was personally involved in the requirement that Plaintiff register as a sex offender by faxing the required form to the parole officer, and he seeks monetary damages. (Comp. at 3-4, 6).

As noted, the officer is immune from being sued in his official capacity for monetary damages under the Eleventh Amendment. *See Neinast*, 217 F.3d at 280. Furthermore, Plaintiff has not alleged that the police officer was personally involved in requiring him to register as a sex offender, only that he provided the form to the parole officer. To impose liability upon a particular

3

individual, there must be some showing of personal involvement by the individual. *Champagne v. Jefferson Parish Sheriff's Office*, 188 F.3d 312, 314 (5th Cir. 1999); *Thompson v. Steele*, 709 F.2d 381, 382 (5th Cir. 1983). Plaintiff has not shown that this police officer either made the decision requiring Plaintiff to register as a sex offender or was in any way personally involved in the implementation of this requirement. Plaintiff's claim against the police officer is therefore frivolous.

**C. Claim Against Board of Pardons and Paroles**

Plaintiff alleges that the Board of Pardons and Paroles has violated his due process rights by requiring him to register as a sex offender, and he seeks declaratory relief. (Comp. at 4, 6).

In *Meza v. Livingston*, 607 F.3d 392, 401-02 (5th Cir. 2010), the Fifth Circuit held that a parolee who had never been convicted of a sex offense but was required to register as a sex offender was entitled to injunctive relief because he had a liberty interest in being free from sex offender registration and from participating in sex offender therapy *and* the State had not provided him constitutionally sufficient procedural due process before requiring him to register as a sex offender. *Id.* at 409; *see also Coleman v. Dretke (Coleman I)*, 395 F.3d 216, 223-24 (5th Cir. 2004) (holding that the state is required to provide procedural due process before imposing sex offender registration and therapy as conditions of parole where the parolee has never been convicted of a sex crime, but that imposing such requirements absent a sex offense conviction does not violate substantive due process).

Here, Plaintiff alleges that he was not afforded due process before being unconstitutionally subjected to "Condition X," including the duty to register as a sex offender, even though he never committed or "was found guilty of any sex offense in a court of law." (Comp. at 5, 6). He has stated a plausible claim against the Board of Pardons and Paroles that will be served by separate order.

4

## IV. RECOMMENDATION

Plaintiff's claims against Parole Officer Ayozie and Police Officer Elterman should be **DISMISSED** with prejudice as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b).

**SIGNED this 6th day of June, 2011.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE