**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **MOSES LAMAR SCOTT** | ) | |
|     **ID #686532,** | ) | |
|         Plaintiff, | ) | |
| vs. | ) | No. 3:11-CV-0410-G-BH |
| | ) | |
| **BOARD OF PARDONS AND PAROLES,** | ) | |
|         Defendant. | ) | Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Pursuant to *Special Order 3-251*, this action has been automatically referred for pretrial management. Before the Court is Defendant's *Motion to Dismiss*, filed July 19, 2011 (doc. 17). Based on the relevant filings and applicable law, the motion to dismiss should be **GRANTED**, and the complaint should be dismissed.

**I. BACKGROUND**

On March 15, 2011, Plaintiff filed this suit against the Board of Pardons and Paroles (BPP), parole officer L. Ayozie, and police officer L. Elterman under 28 U.S.C. § 1983. He claimed that the defendants violated his constitutional rights by implementing certain conditions of release and the duty to register as a sex offender even though he has never been convicted of a sex offense, and that this has resulted in the denial of jobs, housing and his liberty. (Compl. at 3-4). Plaintiff sought monetary damages from the officers and injunctive relief against BPP. As a result of statutory judicial screening of this *in forma pauperis* prisoner complaint, Plaintiff's claims against Defendants Ayozie and Elterman were ultimately dismissed with prejudice as frivolous under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b), and the complaint was ordered served on BPP. (*See* docs. 7-8,15-16.) BPP moved to dismiss the complaint on July 19, 2011. Plaintiff did not file a response, and the issues are now ripe for consideration.

## II. RULE 12(b)(6)

Defendant contends that Plaintiff fails to state a § 1983 claim upon which relief may be granted because it is a state agency immune from suit under 42 U.S.C. § 1983. (Mot. at 1-2).

### A. **Standard of Review**

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir. 1981). Under the 12(b)(6) standard, a court cannot look beyond the pleadings.[1] *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196. "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Although "detailed factual allegations" are not necessary, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

A claim has facial plausibility when the plaintiff pleads factual content that allows

---

[1] In the Rule 12(b)(6) context, pleadings include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

2

>   the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 129 S. Ct. at 1949 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 129 S. Ct. at 1950-51.

**B.     Immunity**

Defendant asserts that it is a state agency immune from suit under the Eleventh Amendment for either monetary damages or injunctive relief.

The Eleventh Amendment states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." "This withdrawal of jurisdiction effectively confers an immunity from suit." *P.R. Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). "[A]n unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). Although Congress has the power to abrogate that immunity through the Fourteenth Amendment, *Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72-76 (2000), and the State may waive its immunity by consenting to suit, *AT&T Communic'ns v. BellSouth Telecomms. Inc.*, 238 F.3d 636, 643 (5th Cir. 2001), the State has not waived its immunity by consenting to suit, nor has Congress abrogated the Eleventh Amendment immunity by enacting 42 U.S.C. § 1983. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

In *Ex parte Young*, 209 U.S. 123, 149 (1908), the Supreme Court held that Eleventh

Amendment immunity does not extend to suits where a plaintiff alleges that a state official is attempting to enforce an unconstitutional law.  To meet the *Young* exception, a plaintiff's suit alleging a violation of federal law must be brought against the individual state officials, and the relief sought must be prospective declaratory or injunctive relief.  *Frew ex rel. Frew v. Hawkins*, 540 U.S. 431, 437 (2004); *Aguilar v. Texas Department of Criminal Justice*, 160 F.3d 1052, 1054 (5th Cir. 1998).

The Fifth Circuit has recognized that a parolee can seek injunctive relief on the basis that he is required to register as a sex offender without having been previously convicted of a sex offense and without having had sufficient procedural due process. *See Meza v. Livingston*, 607 F.3d 392, 401-02 (5th Cir. 2010).  However, such injunctive relief must be sought from the individual members of the BPP who implement the registration requirements, not the BPP itself.  *See Cozzo v. Tangipahoa Parish Council-President Gov't*, 279 F.3d 273, 281 (5th Cir. 2002) ("When a state agency is the named defendant, the Eleventh Amendment bars suits for both money damages and injunctive relief unless the state has waived its immunity."); *Thomas v. Board of Pardons and Paroles et al.*, 2010 WL 742440, No. 2:08-CV-060, *2 (N.D. Tex March 2, 2010) (plaintiff must seek injunctive relief against state officer, not the BPP).  For this reason, Plaintiff has not alleged a plausible § 1983 claim against BPP, and its motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted.

### III. CONCLUSION

Defendant's Rule 12(b)(6) motion to dismiss Plaintiff's § 1983 claims should be **GRANTED**, and Plaintiff's complaint should be **DISMISSED**.

**SO RECOMMENDED on this 28th day of November, 2011.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE